1   DAVID L. ANDERSON (CABN 149604)
    United States Attorney
2   SARA WINSLOW (DCBN 457643)
    Chief, Civil Division
3   BENJAMIN J. WOLINSKY (CABN 305410)
    Assistant United States Attorney
4
        450 Golden Gate Avenue, Box 36055
5       San Francisco, California 94102-3495
        Telephone: (415) 436-6996
6       Facsimile: (415) 436-6748
        benjamin.wolinsky @usdoj.gov
7
    Attorneys for Federal Defendant
8

9                   UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12

13

14  THE CENTER FOR INVESTIGATIVE  )  Case No. 3:19-cv-00909-JCS
    REPORTING and AURA BOGADO,    )
                                  )
15      Plaintiffs,                )  **STIPULATION OF SETTLEMENT AND**
                                  )  **DISMISSAL WITH PREJUDICE;** [PROPOSED]
16      v.                         )  **ORDER**
                                  )
17  U.S. IMMIGRATION AND CUSTOMS  )
    ENFORCEMENT,                  )
18                                )
        Defendant.                )
19  _____)

20

21      WHEREAS, on February 20, 2019, Plaintiffs filed a complaint under the Freedom of

22  Information Act in the above-entitled action; and

23      WHEREAS, Plaintiffs do not intend to challenge the adequacy of the search or

24  Defendant's withholding of exempt information from the records produced in response to the

25  FOIA Request, and whereas the parties agree that the only remaining issue is Plaintiffs' request for

26  attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

27

28

WHEREAS, the Parties wish to agree to settle and compromise this action under the terms and conditions set forth in this Stipulation of Settlement and Order of Dismissal to avoid any further litigation and controversy and in the interests of judicial economy without any admission of fact or law;

IT IS HEREBY STIPULATED by and between the undersigned Plaintiffs and Defendant, by and through their respective attorneys, as follows:

1. In consideration for the release of Plaintiffs' claims and causes of action, Defendant shall pay $17,000 (seventeen thousand dollars) to Plaintiffs in full and complete satisfaction of Plaintiffs' claims for attorneys' fees, costs, and litigation expenses under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, in the above-captioned matter. This payment shall constitute full and final satisfaction of any and all of Plaintiffs' claims for attorneys' fees, costs, and litigation expenses in the above-captioned matter, and is inclusive of any interest. Payment of this money will be made by electronic funds transfer or check promptly after notification of the Court's entry of this Stipulation and after receipt of necessary information from Plaintiffs in order to effectuate the payment. Defendant will make all reasonable efforts to make payment within thirty (30) days of the date that Plaintiffs' counsel provides the necessary information for the electronic funds transfer and this Stipulation is approved by the Court, whichever is later, but cannot guarantee payment within that time frame.

2. Upon the execution of this Stipulation, Plaintiffs hereby release and forever discharge Defendant, its successors, the United States of America, and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all claims and causes of action that Plaintiffs assert or could have asserted in this litigation, or which hereafter could be asserted by reason of, or with respect to, or in connection with, or which arise out of, the specific FOIA requests on which this action is based, including but not limited to all past, present, or future claims for attorneys' fees, costs, or litigation expenses in connection with the above-captioned litigation.

3. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

Plaintiffs having been apprised of the statutory language of Civil Code Section 1542 by Plaintiffs' attorney, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights Plaintiffs may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiffs understand that, if the facts concerning any injuries, liability for damages pertaining thereto, or liability for attorneys' fees, costs or litigation expenses are found hereafter to be other than or different than the facts now believed by it to be true, this Stipulation shall be and remain effective notwithstanding such material difference.

4. Execution of this Stipulation and its approval by the Court shall constitute dismissal of this case with prejudice pursuant to Fed. R. Civ. P. 41(a).

5. The parties acknowledge that this Stipulation is entered into solely for the purpose of settling and compromising any remaining claims in this action without further litigation, and it shall not be construed as evidence or as an admission on the part of Defendant, the United States, its agents, servants, or employees regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim raised in this action, or as evidence or as an admission by the Defendant regarding Plaintiffs' entitlement to attorneys' fees, costs, or other litigation expenses under FOIA. This Stipulation shall not be used in any manner to establish liability for fees or costs in any other case or proceeding involving Defendant. This Stipulation is understood not to preclude or prevent Plaintiffs from seeking through the Freedom of Information Act, or other means, records not sought in the Freedom of Information Act request that gave rise to this action.

6. This Stipulation is binding upon and inures to the benefit of the parties hereto and their respective successors and assigns.

7. If any provision of this Stipulation shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

8. This Stipulation shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this Stipulation has been freely and voluntarily entered into by the parties hereto. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation.

9. The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the Stipulation.

10. This Stipulation may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

11. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

12. This Court may retain jurisdiction for the sole purpose of enforcing this Stipulation.

IT IS SO STIPULATED.

DATED: August 16, 2019  By:  */s/ John D. Clopper*
D. Victoria Baranetsky
John D. Clopper

*Attorneys for the Center for Investigative Reporting and Aura Bogado*

DAVID L. ANDERSON
United States Attorney

DATED: August 16, 2019  By:  */s/ Benjamin J. Wolinsky*
Benjamin J. Wolinsky
Assistant United States Attorney

*Attorneys for U.S. Immigration and Customs Enforcement*

\* *In compliance with Civil Local Rule 5-1(i), the filer of this document attests that Plaintiffs have concurred in the filing of this document.*

1     PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: August 20, 2019

_____
HON. JOSEPH C. SPERO
United States Magistrate Judge